Larry G. Grubbs
William P. Fitzgerald
LYNAUGH, FITZGERALD, EISELEIN & GRUBBS
225 North 23rd Street
P. O. Box 1729
Billings, Montana 59103-1729
(406) 252-3322
ATTORNEYS FOR PLAINTIFFS

FILED

'01 FEB 22 PM 2/20

LOU ALEKSICH, JR. CLERK

BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BILLINGS DIVISION

| | |
|---|---|
| JASON ZIMMERMAN, TWILA ZIMMERMAN, and DAVID ZIMMERMAN, | ) ) Cause No. _CV-01-33-BLG-JDS_ |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) **COMPLAINT** |
| YELLOWSTONE NEUROSURGICAL ASSOCIATES, P.C.; JOHN H. SCHNEIDER, M.D., JOHN I. MOSELEY, M.D; SAINT VINCENT HOSPITAL AND HEALTH CENTER, INC.; and JOHN DOES I – V, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

COME NOW the Plaintiffs and for their claims against the Defendants complain and

allege as follows:

I.

Plaintiffs are and at all relevant times were citizens of the State of Colorado.

II.

The Defendants are all citizens of the State of Montana or states other than the State of Colorado, so that there is complete diversity of citizenship between the Plaintiffs and the Defendants.

III.

Defendant Yellowstone Neurosurgical Associates, P.C. ("YNA") is a corporation organized and existing under the laws of the State of Montana with its principal place of business in Yellowstone County, Montana, which at relevant times was engaged in providing health care and treatment with, by, and through its agents and employees, including Defendants John H. Schneider, M.D., and John I. Moseley, M.D., physicians who are and at relevant times were engaged in the practice of medicine in Yellowstone County, Montana, and were agents or employees of YNA acting within the course and scope of said agency or employment with/for YNA.

IV.

Defendant Saint Vincent Hospital and Health Center, Inc. ("Hospital") is a corporation organized and existing under the laws of the State of Montana with its principal place of business in Yellowstone County, Montana, which is and at relevant times was engaged in the business of providing hospital and health care, treatment, and services with, by and through its medical staff and its nurses and other agents and employees.

V.

Defendants John Does I through V are individuals, associations, or entities whose true names and capacities are unknown to Plaintiffs at this time, who participated or may have participated in the negligent conduct or other breaches of duty complained of herein, and who are or may be liable with the other Defendants for all or part of Plaintiffs' past and future general and special damages. Accordingly, said Defendants are designated by fictitious names pursuant to law, and this Complaint will be amended when their true names, capacities, and/or the nature and extent of their involvement are discovered.

VI.

All conditions precedent to the bringing of this action have been performed or have occurred, including the processing to conclusion of an application for review of claim before the Montana Medical-Legal Panel.

VII.

This Court has jurisdiction of this action under and by virtue of the provisions of 28 U.S.C. §1332 in that the parties are of citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

VIII.

On September 21, 1997, Plaintiff Jason Zimmerman presented at the Hospital emergency room suffering from hydrocephalus and various symptoms of increased intracranial pressure being caused by the malfunction of a ventriculoperitoneal shunt, a previously implanted tube and valve system designed to transport excess cerebrospinal fluid from his brain to his abdomen and thereby prevent excessive intracranial pressure.

IX.

By virtue of previous examinations and treatment, YNA was familiar with Jason's medical history and condition, particularly including his shunt system, and at said time and place Dr. Moseley of YNA was brought in by Hospital personnel to consult.  Dr. Moseley examined Jason, noted the existence of massively enlarged ventricles and serious neurological symptoms, correctly diagnosed hydrocephalus due to probable shunt malfunction, recognized the urgency of the situation, recognized that Jason had been in such condition for several days, recognized the need to eliminate the shunt blockage and revise the shunt system, and proceeded to admit Jason to Hospital's Intensive Care Unit on an emergency admission basis at approximately 5:50 p.m. on September 21, 1997.

X.

The Defendants were careless, negligent, and failed to provide health care and treatment in accordance with applicable standards of health care in several respects, as a proximate result of which the Plaintiffs suffered the injuries and damages described below.

XI.

The negligent and substandard conduct on the part of the Defendants included, but is not limited to, their failures to provide timely, appropriate, and adequate care and treatment commensurate with Jason's condition and the deterioration of his condition, and their failures to timely, appropriately, and effectively respond and communicate with respect to same.

XII.

As a proximate result of the Defendants' carelessness, negligence, and failure to conform to applicable standards of health care, Jason suffered profound neurological injury, including many weeks in a coma; has suffered and will suffer permanent neurological impairment and a diminishment in cognitive functioning; suffered great physical pain and discomfort; has suffered and will suffer from various physical injuries, including permanent physical impairment to his feet due to the consequent need to clip his Achilles' tendons; has suffered and will suffer profound mental, emotional, and psychological anguish, injury, and disorder; was compelled to undergo many months of hospitalizations; incurred health care expenses in excess of $1 million; will continue for the indefinite future to incur various health

care expenses; has suffered and will suffer a loss of income and income capacity; has suffered and will suffer the loss of a normal way of life, a diminishment in the quality of his life and his enjoyment of life, and a diminishment of his ability to pursue an established lifestyle and course of life; and, has otherwise been damaged, injured, and harmed, all to his past and future general and special damage in amounts to be determined herein.

### XIII.

As a further proximate result of the Defendants' carelessness, negligence, and failure to conform to applicable standards of health care, Jason's parents, David and Twila Zimmerman, have likewise incurred or become liable for various expenses for Jason's heath care; have lost income; have suffered and will suffer serious mental and emotional distress and anguish in connection with their son's severe injuries, his long and painful rehabilitation, his ongoing struggles, and his resulting physical, mental, and emotional suffering; and , have otherwise been damaged, injured, and harmed, all to their past and future general and special damage in amounts to be determined herein.

### XIV.

The Defendants' tortious conduct constituted actual malice and/or actual fraud as defined by applicable statutes, so that Plaintiffs are entitled to recover punitive damages in addition to their actual damages herein.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally:

A.   For all past and future general and special damages to which they are entitled by law under the circumstances, together with prejudgment interest thereon to the full extent allowed by law, in amounts to be determined herein;

B.   For punitive damages in amounts to be determined herein;

C.   For their costs of suit; and,

D.   For such other and further relief as the Court may deem just and equitable in the premises.

DATED this 22nd day of February, 2001.

**LYNAUGH, FITZGERALD, EISELEIN & GRUBBS**
225 North 23rd Street
P. O. Box 1729
Billings, Montana  59103-1729
(406) 252-3461
ATTORNEYS FOR PLAINTIFFS

By:_____
         Larry G. Grubbs

By:_____
         William P. Fitzgerald

-7-